

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS


GERALD C. MANN
ATTORNEY GENERAL

Honorable John R. Shook
Criminal District Attorney
San Antonio, Texas

Dear Sir:

Opinion No. O-3281
Re: 1. Right of aliens, under condi-
tions stated to vote upon becom-
ing naturalized. 2. Does the
Tax Assessor and Collector have
authority to change a naturalized
alien's name from the aliens poll
list to that of the regular quali-
fied electors poll list? 3.
Should the election judges allow
a naturalized alien to vote, under
the facts submitted?

Your written request asking for an opinion from this
department has been received and considered. We quote from
your letter as follows:

"1. Is an alien who resided in the State of
Texas, County of Bexar, and City of San Antonio, on
January 1st, 1940, and who has since been a resident
of Texas and the County of Bexar and who paid his
poll tax as provided by law before February 1st, 1941,
and who became a citizen of the United States of
America after February 1st, 1941, and before the date
of the election entitled to vote at such election in
Bexar County, Texas, if otherwise qualified?

"2. Is an alien who resided in the State of
Texas, County of Bexar and City of San Antonio, on
January 1st, 1941, and who has resided in the State
of Texas for one year and in Bexar County, Texas,
for more than six months preceding the election at
which he desires to vote, and who has paid his poll
tax as provided by law before February 1st, 1941,
and who became a citizen of the United States of
America after February 1st, 1941, and before the
date of the election, entitled to vote at such
election in Bexar County, Texas, if otherwise
qualified?

"3.   If qualified to vote at such election in either or both of the above cases, what mode or procedure shall be followed by the Tax Collector with regard to removing the name of such alien from the alien poll tax book and alien poll list of the precinct in which he resides and placing the name of such alien in proper poll tax book and precinct poll list?

"4.   If the Tax Collector under the law is unable to make the corrections set out in the third question hereof, then, is it the duty of the election officials to permit the holder of such alien poll tax to vote upon satisfactory evidence that he has become a citizen of the United States after February 1st, 1941, and prior to the date of the election?"

Article 6, Section 1 of the Constitution of Texas, which constitutional provision has as its counterpart Article 2954, Revised Civil Statutes, 1925, as amended, contains both the constitutional and the statutory provisions stating the classes of persons who are ineligible or incompetent to vote.

Article 6, Section 2 of the same Constitution and Article 2955, Revised Civil Statutes, 1925, as amended, give the qualifications of qualified electors.  These qualifications are that the voter must be a citizen of the United States and shall have resided in this State one year next preceding an election and the last six months within the county in which the elector desires to vote and provided that any voter who is subject to pay poll tax under the laws of the State of Texas shall have paid said tax before offering to vote at any election in this State and hold a receipt showing that said poll tax was paid before the first day of February next preceding such election.

Article 2959, Revised Civil Statutes, 1925, provides:

"A poll tax shall be collected from every person between the ages of twenty-one and sixty years who resided in this State on the first day of January preceding its levy, Indians not taxed, persons insane, blind, deaf or dumb, and those who have lost a hand or foot, or permanently disabled, excepted.  It shall be paid at any time between the first day of October and the first day of February following; and the person when he pays it, shall be entitled to his poll tax receipt, even if his other taxes are unpaid."

Article 2963, Revised Civil Statutes, 1925, provides in part as follows:

"All tax receipts issued for any year after January 31st shall be stamped on the face thereof: 'Holder not entitled to vote,' and the names of the holders of such poll tax receipts shall not be included in the list of qualified voters."

We call attention to the last paragraph of Article 2965, Revised Civil Statutes, 1925, as amended, which provides as follows:

"If from the information on the poll tax receipt above required, it appears that the party receiving the same is an alien, he shall be given a receipt from a book specially prepared for alien taxpayers, which book is hereinafter provided in this Title, and the Tax Collector and the Commissioners Court or other authorities providing said poll tax receipt shall have printed on the face of said receipt the word 'alien,' which said printing shall not be less than two (2) inches in height, superimposed in outline type, and printed in red ink."

We quote the last sentence of Article 2970, Revised Civil Statutes, 1925, as amended, which reads:

"When the tax receipt or certificate is delivered to the citizen, it shall be detached from the book and retained by him for his future use and identification in voting, and at the time said books are made, the Commissioners Court shall prepare a separate book for each precinct as herein provided which shall be marked 'Alien Poll Tax Receipt Book' and if the tax certificate provided for in Article 2965 of this Chapter discloses that said applicant is an alien then the Tax Collector shall issue from the book marked 'Alien Poll Tax Receipt Book' a receipt to said applicant which shall have printed on the face of said receipt the word 'alien' not less than two (2) inches in height, superimposed in outline type, printed in red ink, and in order that the Tax Collector may carry out this provision, it shall be the duty of the Commissioners Court to provide the separate book as herein set out and have the receipt prepared in said book in conformity with the above provision."

We also call your attention to the last paragraph of Article 2975, Revised Civil Statutes, 1925, as amended, which reads:

"At the time the Tax Collector makes up his lists of voters as herein provided, he shall at the same time on a separate list make up a list of alien poll taxpayers and shall mark at the top of said list the words 'Alien Poll Taxpayers,' and such list shall be delivered at the same time and the same manner, and to the same officials as hereinabove provided for other poll tax lists, and the lists of qualified voters in said county and the various precincts of said county. Such certified lists of qualified voters and lists of alien taxpayers shall be in the following form:

" . . . . .

"And the same form shall be used with reference to the list of alien taxpayers furnished the officials as provided in this Article."

It will be noticed that the above Article, in the first paragraph, not quoted, expressly provides the procedure for a Tax Collector to follow in making out the lists of qualified electors and also the procedure to be followed in furnishing the supplemental lists not less than four days prior to any primary or general election in instances where the qualified electors have removed to another voting precinct of the city or town of a certain population. It will be noticed that nothing in the first paragraph has to do with the furnishing of supplemental lists to alien poll taxpayers.

We quote from Article 3005, Revised Civil Statutes, 1925, as follows:

"One election judge shall receive from the voter his poll tax receipt or certificate of exemption, when he presents himself to vote; the voter shall announce his name, and the judge after comparing the appearance of the party with the description given in the certified list of qualified voters of the precinct made out by the county collector, and being satisfied that it accords therewith, shall pronounce in an audible voice the name of the voter, and his number as given in the list of qualified voters. If the voter has lost, mislaid or left at home his receipt or certificate, and shall present his affidavit of that fact, and if his appearance

tallies with that given for the same number and name on the list of qualified voters, or if the voter presents his affidavit of removal from some other precinct or county, in cases where the same is permitted by this title, together with his receipt or certificate or affidavit of the loss thereof, and the judges of election shall be satisfied that he paid his poll tax or received his certificate of exemption before the first day of the preceding February, the judge shall in like manner pronounce in an audible voice the name and number of the elector on the certified list of qualified voters with the word, 'correct.'" (Emphasis ours)

An examination of Chapter 5 of Title 50 of the Revised Civil Statutes of Texas, 1925, dealing with "suffrage" will clearly show that the Legislature of this State has carefully made a separate procedure for the Tax Collector to follow in making out the regular poll list, issuing poll tax receipts, the type of poll tax receipts, from the regular qualified electors who are possessed with all of the constitutional requirements as of February first of each respective year, and those persons who are aliens as of the same date.

The Constitution (Article 6, Section 2) and Article 2955, Revised Civil Statutes, 1925, as amended, clearly prohibit aliens from voting. 16 Tex. Juris., Sec. 33, page 43 and cases cited.

Article 6, Section 4 of the Constitution of Texas provides that the Legislature shall have certain powers in connection with elections, as follows:

"In all elections by the people the vote shall be by ballot and the Legislature shall provide for the numbering of tickets and make such other regulations as may be necessary to detect and punish fraud and preserve the purity of the ballot box and the Legislature may provide by law for the registration of all voters in all cities containing a population of ten thousand inhabitants or more."

Although the Constitution provides that "all political power is inherent in the people" it has been asserverated that the exercise of the elective franchise is not a right that is natural God-given, alienable, or inherent, but is, as the word "franchise" implies, a right conferred by the State or bodies politic. The right of suffrage is not included among the rights of property or person. It is conferred by the Constitution; and, although it is not to be taken away except by a clear com-

mand of the law the elector takes the right subject to constitutional limitations.  16 Tex. Juris., pages 37-39, inclusive.

It has been held, as a general proposition, in the case of Campbell, Mayor, et al v. Wright, County Attorney et al, 95 S.W. (2d) 149, at page 152, as follows:

"No citizen qualified to vote in this State should be denied that right or deprived of the exercise of that privilege and duty, except upon a very definite legal ground or upon a clear showing that he has not intentionally or wilfully failed or refused to comply with the law forming the basis of such rights."

Concerning the power of the Legislature to regulate the right of suffrage it is said in 16 Tex. Juris., pages 40 and 41, as follows:

" § 31.  Regulation by Legislature. -- Except as restricted by the organic law of the land -- the constitutions of the United States and Texas -- the legislature has full power and authority to deal with the subject of suffrage in any election which may be required or authorized by law.  Indeed the constitution contemplates that the legislature shall have power to exercise some control over the right of suffrage, for it provides among other things that '..... the legislature shall . . . make such . . . regulations as may be necessary to detect and punish fraud and preserve the purity of the ballot box. . . .'  And, while the legislature may not deny to anyone the right of suffrage granted in the constitution, it may enact laws and regulations intended for the preservation of order in elections, to guard against and punish fraud and undue influence, and impose reasonable and proper limitations upon the right of suffrage.  Inasmuch as the power has been confided to the legislature by the constitution without defining limits to its discretion, the power includes both judicial and executive attributes.  Thus it appears that the elector takes the right to vote subject to such regulations as the legislature may properly impose."

As indicated above, the Legislature has been given certain powers, within its scope of lawful legislation, regulating the right of suffrage.  Clearly, the Constitution has given the Legislature the power to provide the means of registering or recording the number and name, in voting precincts, of qualified

electors in each respective county of the State of Texas and this can probably be said not only to be a matter of facilitating the handling of an election but also is a means to preserve the purity of the ballot box by cutting down the chances of fraudulent votes being  cast.  See Yett v. Cook, (Sup. Ct.), 281 S.W. 837.

A careful examination of the separate statutes in Chapter 5 of Title 50, dealing with suffrage, shows that exemptions from the payment of a poll tax are provided for in certain instances.  In none of these instances enumerated in the statutes do we find where an alien is entitled to an exemption from the payment of a poll tax.

In Article 2966, Revised Civil Statutes, 1925, provision is made for a citizen, in a city of ten thousand inhabitants, who moves to another ward or voting precinct to have his name put on the proper tax roll provided he appears before the Tax Collector not less than five days before such election or primary election and obtains his corrected receipt or certificate.  In no place do we find where such provision is made to apply to an alien or to a naturalized alien.

We believe the Legislature has acted within the scope of its power, as given to it by Article 6, Section 4 of the Texas Constitution, in providing for the existing manner of registering, separately, qualified electors and aliens liable for the payment of the poll tax, in order to preserve the purity of the ballot and prevent aliens from being placed on the same poll list with regular qualified electors.  Yett v. Cook, supra.  We, likewise, believe that the Legislature, in the exercise of that power and having failed to provide a means of transfer of an alien who, after paying his poll tax, becomes a naturalized citizen, to the proper list of regular qualified electors, has not exceeded its lawful power, by thus depriving such persons of the right to vote.

From all of these observations, we believe, that under the circumstances submitted in your first proposition, that where an alien, subsequent to February 1, 1941, becomes a naturalized citizen of the United States, that the Legislature has not seen fit and that it has never been its intention to provide that such a naturalized citizen shall be entitled to vote at an election during that year.  It is obvious that the Legislature has made a clear and marked distinction between regular qualified electors and an alien who has paid his poll tax for which he would be liable under the provisions of Article 2959.  We believe that the specific provisions, referred to above, dealing with the transfer or regular voters from one voting list to another regular voting list, by implication, clearly shows that the Legislature did not intend for such

naturalized aliens to be transferred from the alien poll list to that of the regular poll list and thereby place such naturalized aliens on the list of regular qualified electors.

Since we have been unable to find where the Legislature has provided for the transfer of said aliens to the regular voting list when said alien becomes a naturalized citizen and since the Legislature by Article 3005 has expressly provided that election judges shall ascertain the voter's right to vote by consulting the list of qualified voters furnished by the Tax Assessor and Collector, and for all of the foregoing reasons which we have discussed and in view of the constitutional and statutory provisions heretofore enumerated and the rulings and the authorities cited, we are of the opinion, and you are so advised, in answer to your first proposition, that it is answered in the negative and that the alien who has become a naturalized citizen subsequent to February 1, 1941, is not entitled to vote at an election during the year 1941.

We can find no substantial difference in the facts submitted in your second proposition which would change the ruling and our opinion, as has been expressed in answer to your first proposition, and you are therefore advised that your second proposition is answered in the negative for all of the reasons given in answer to your first proposition.

In answer to your third proposition, we call your attention to our discussion in answering your first proposition, to the effect that the Legislature has not made any provision for the Tax Assessor and Collector to remove the person from the alien poll list and place said person on the list of regular qualified electors. The statutes dealing with the poll list are mandatory. Yett v. Cook, supra. For the reasons given in answer to your first proposition you are respectfully advised, that it is our opinion that the Assessor and Collector of Bexar County, Texas, under the existing laws, does not have the power nor is it his duty to transfer a person who appears on the alien poll tax roll to the regular qualified elector poll list.

In answer to your fourth proposition, you are advised that election officials who are charged with the duty and responsibility of holding an election have no power except that which is expressly given by law and that which is necessarily implied to carry out those express powers with a view of holding a valid and lawful election in which the will of the electorate shall be fairly and honestly expressed. The statutes of this State have with great particularity, defined what the duties of election judges shall be and have provided for

criminal prosecution of such officials if such duties are not properly discharged.  See Chapter 8 of Title 50, Revised Civil Statutes, 1925, and Title 6 of the Penal Code of the State of Texas, 1925.  We believe that under this pattern of the election laws and in view of what has already been said in our discussion and since there is no such express provision given by law that election judges would have no power and neither would it be their duty, to allow an alien who became a naturalized citizen, under the facts of your first and second propositions, to vote at an election if his name was not properly upon the regular election rolls in the manner heretofore discussed and required by law.

        We trust that we have fully answered your inquiry.

                            Yours very truly

                        ATTORNEY GENERAL OF TEXAS


                        By  s/Harold McCracken
                            Harold McCracken
                            Assistant

HM:db:wc


APPROVED JUN 20, 1941
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

This opinion considered and approved in limited conference.